**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PAUL OJEKWE, AKA Mark Dillard, AKA Mark Anthony Dillard, AKA Paul Chukwugozie Ojekwe, AKA Agapito Piedra, | No. 08-72066 |
| Petitioner, | Agency No. A072-862-003 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 9, 2012
Submitted December 23, 2013
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Paul Ojekwe petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal of an immigration judge's ("IJ") decision denying his claims for withholding of removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

Where the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ as the final agency determination. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).

**(1)** Substantial evidence supports the IJ's adverse credibility determination based on Ojekwe's failure to produce corroborating evidence.

The REAL ID Act requires the IJ to give "notice of the corroboration required, and an opportunity to either provide that corroboration or explain why he cannot do so." *Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011). The March 2007 order, in which the IJ found Ojekwe not credible due to his failure to produce newspaper articles he allegedly authored and Western Union records demonstrating his financial support for the Bakassi Boys, provided Ojekwe with such notice. The IJ therefore properly relied on Ojekwe's failure to produce these corroborating documents during his second merits hearing seven months later. Ojekwe's explanations do not compel the conclusion that such corroborating evidence was unavailable.

2

As "we must uphold an adverse credibility finding '[s]o long as one of the identified grounds is supported by substantial evidence,'" we affirm the IJ's determination that Ojekwe's testimony was not credible. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (citation omitted).

**(2)** In the absence of credible testimony, Ojekwe's withholding of removal and CAT claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**